SEGLIN-HARRISON CONSTRUCTION CO., INC., and HACHMEISTER-LIND COMPANY, Appellants, and THE CAREY COMPANY and Others, Claimants, *v.* THE STATE OF NEW YORK, Respondent. (Claim No. 23165.)

Third Department, July 1, 1942.

*Byrne, Jeram & Casey* [*Joseph P. Keenan* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr., Assistant Attorney-General,* of counsel], for the respondent.

SCHENCK, J.  Appeal is taken by claimants-appellants Seglin-Harrison Construction Co., Inc., and Hachmeister-Lind Company from a judgment of the Court of Claims, entered November 13, 1941.  On this appeal we are not concerned with the several other claimants whose claims have either been withdrawn or otherwise disposed of.

Seglin-Harrison Construction Co., Inc., entered into a contract with the State of New York on December 30, 1928, for the completion of the State Office Building at Albany, the foundation and

exterior of the building having been constructed by the Seglin Construction Co., Inc., a corporation affiliated with claimant. The Seglin-Harrison contract called for the completion of the building on December 31, 1929. The work, however, was not accepted by the State until February 25, 1931. Hachmeister-Lind Company is a subcontractor having charge of the plastering work in the building. The claims of appellants were filed pursuant to chapter 353 of the Laws of 1932, and Seglin-Harrison, the general contractor, and Hachmeister-Lind, the subcontractor, were awarded damages by the Court of Claims for breaches of the contract.

The sole question on this appeal is the sufficiency of these awards. The Court of Claims found that serious delays in the completion of the foundation of the building by Seglin Construction Company were due largely to faulty design and that there was active interference on the part of the State which hindered the work of the appellant contractor and subcontractor for which they should be compensated. However, it would appear from the evidence that the awards were inadequate and that the judgment should be modified by increasing the amounts thereof in conformity with the proof established on the trial.

The Seglin-Harrison contract provided generally for the construction of floor fills, finished floors, partition work, metal work, carpentry and painting and a large amount of carved marble and cast bronze. During the completion of the contract other work was in progress under separate State contracts, including electrical work, installation of sanitary requirements and the installation of elevators. The Seglin Construction Company contract for the foundation and exterior of the building was the subject of litigation in the Court of Claims, where an award was made to that company, as general contractor, and to certain subcontractors, which awards were later modified by this court. (*Seglin Construction Co., Inc.*, v. *State of New York*, 249 App. Div. 476; affd., 275 N. Y. 527.) While the contract in issue here called for its completion on December 31, 1929, it appears that the work did not commence until March 1, 1929, the last item of which was performed in January, 1931. The final acceptance of the contract was February 25, 1931. It would appear that the work required a period of eleven months in excess of the time provided by the terms of the contract. The trial court has found the State responsible for a delay of six months and has awarded damages based on that period. Appellant, on the other hand, contends that the evidence establishes a delay period of eleven months, for which the State alone is accountable.

While the court found that there had been many serious delays directly attributable to the State, it also found the appellant

Seglin-Harrison Company chargeable with the delay caused by that company's taking over certain items of work originally included in the Seglin Construction Company contract for the construction of the foundation and exterior of the building. It held that these items deducted from that contract and by Order No. 1 added to the contract here under consideration extended the time necessary to complete the contract. It would appear that this work, which included work on the exterior of the building, was part of various subcontracts under the foundation contract and was performed by subcontractors of the Seglin Construction Company. That work was apparently substantially completed in October, 1929, and the record does not indicate that it interfered with appellant's completion contract. To the contrary, the chief inspector of the Department of Public Works who was in charge during the period of construction testified that he found no item of work in the breakdown of the order that in his opinion would have interfered with the progress of the work under this completion contract.

We think that by reason of appellant's uncontradicted proof corroborated by State's witnesses the trial court erred in finding that the requirements of the order extended the time necessary to complete the contract. It is clear, and the trial court has found, that many acts and omissions on the part of the State resulted in long delays and interference. Among these may be included the State's failure to deliver the entire building site promptly, which stopped the work of pouring concrete floor fills for three months while it devised a new method for lightening and balancing the fills, thereby effecting practically a complete stoppage of work under the contract, failure to furnish bronze, marble and plastering models, its issuing of numerous orders on contract to correct errors and supply omissions in the original plans and by actually occupying the building before the work called for by the contract had been completed. The evidence warrants a finding that the delay of approximately eleven months was caused by the acts of omission of the State. The resultant damage would necessarily be the expense which the appellant Seglin-Harrison Construction Co., Inc., incurred during the delay period.

The testimony indicates that expenditures were made in each of eleven months for job overhead totaling $9,631.94; for temporary light and power, a total of $416.82; for temporary toilet protection, $250.10. The judgment heretofore entered should be modified accordingly, with an allowance at the rate found by the trial court for overhead at ten per centum, and for profit at the rate of five per centum, together with interest from February 25, 1931.

In the matter of the claim of the Hachmeister-Lind Company, the evidence clearly shows that the work of this appellant was seriously interfered with and delayed by many of the same acts and omissions on the part of the State which caused damage to the Seglin-Harrison Company, and particularly by the loss of use of the elevators and by the occupancy of the building before the completion of the work. The trial court has determined that there is ample evidence to sustain the finding that by reason of the acts and omissions by the State it has suffered loss and damage and has accordingly made an award in what appears to be an arbitrary sum, to wit, $5,000.

From the record it appears that this amount is insufficient to adequately compensate this subcontractor for its loss. The Hachmeister-Lind Company contract called for the furnishing of all labor, apparatus and material necessary to completely install all furring, lathing, bond surfacing and plastering in accordance with certain State specifications. The trial court found that by reason of the acts of the State it was obliged on many occasions to interrupt the orderly course of its various operations. It attempts, however, to minimize said appellant's damage by reason of the fact that considerable bonded plaster fell from ceilings and that appellant had included in its lathing and plastering labor cost the money expended to replace the same. The State contends that appellant should absorb this additional expense. However, it is quite apparent that the loss was caused by the State's defective specifications. The character of the plaster bonding material was specified in the contract as well as the method of applying the material to the structural ceiling slabs. It is uncontradicted that the specified material was used in the manner provided by the contract after tests made by the State and under the State's inspection. Despite the fact that the work was performed in accordance with the contract and by use of materials therein specified, the bonding material parted from the structural slabs and carried the plaster with it. In the circumstances the State is responsible for the loss resulting therefrom.

The State did prove that certain other phases of appellant's work were performed in an unworkmanlike manner and had to be corrected. The State's witnesses estimated that 100 days of labor at the prevailing rate for plasterers and helpers would be required to make these corrections, the cost of which would amount to approximately $2,000. This item, of course, must be borne by appellant. The court awarded damages to this appellant in the sum of $5,000. The established total labor and lathing cost was $151,893.66. Taking the proof most favorable to the State,

namely, that supplied by its own plastering expert witness, the work properly should have cost $136,595.50. Charging the appellant with the cost of repairing plaster in the amount of $2,000, the loss is $13,298.16. Appellant should have judgment in that amount, together with an allowance for overhead at the rate of ten per centum, or $1,329.82, and an allowance for profit at the rate of five per centum, or $731.40, amounting in all to $15,359.38, with interest from February 25, 1931, and the judgment entered herein should be so modified. In all other respects, the judgment should be affirmed.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Judgment modified on the law and facts in accordance with the opinion of SCHENCK, J., to provide as follows:

" ORDERED, ADJUDGED AND DECREED that claimant Seglin-Harrison Construction Co., Inc., recover of the defendant, the State of New York, the sum of $39,624.68, with interest on $30,750.01 from February 25, 1931, in full settlement of said claim and that upon the above amount the following items of co-claimant subcontractors are hereby impressed and directed to be paid to said lienors, to wit:

" (a) Hachmeister-Lind Company, and Edward G. Lang, receiver for said Hachmeister-Lind Company, Fifteen Thousand Three Hundred and Fifty-nine Dollars and Thirty-Eight Cents ($15,359.38), with interest thereon from February 25, 1931.

" (b) Pittsburgh Plate Glass Company, Five Thousand Five Hundred and Sixty-one Dollars and Seventy-Three Cents ($5,561.73), with interest thereon from February 25, 1931, to November 13, 1931, the date of the judgment heretofore entered, to wit: Three Thousand Three Hundred and Twelve Dollars and Ninety-Four Cents ($3,312.94), making a total of Eight Thousand Eight Hundred and Seventy-Four Dollars and Sixty-Seven Cents ($8,874.67)." It is

" ORDERED AND ADJUDGED that said judgment be and it hereby is in all other respects affirmed."

The court reverses the following findings in the decision of the Court of Claims: Findings numbered 17, 19 and 20; and modifies the following findings of said decision: Finding numbered 70 by substituting therein " eleven months " in place of " six months " and " $9,631.94 " in place of " $4,833.06;" finding numbered 72 is modified by substituting " eleven months " in place of " six months " and " $416.82 " in place of " $389.63;" finding numbered 73 is modified by substituting " eleven months " in place of " six months " and " $250.10 " in place of " $250.00;" finding numbered 80 is modified by substituting " $13,298.16 with an allow-

ance for overhead at the rate of ten per centum, or $1,329.82, and for profit at the rate of five per centum, or $731.40, amounting in all to $15,359.38 " in place of " $5,000.00, including overhead and profit."

The court also reverses the refusal of the Court of Claims to find as requested by claimants-appellants findings numbered 12, 41, 42, 43 and 95, and adopts said findings as requested by claimants-appellants, and also modifies claimants-appellants' request to find numbered 68 by substituting " $9,631.94 " in place of " $14,360.61;" finding numbered 70 by substituting " an eleven months " in place of " a six months " and " $416.82 " in place of " $540.76, which with five per cent overhead and ten per cent profit amounts to $624.58;" and also modifies finding numbered 71 by substituting " eleven months " in place of " seven months " and " $250.10 " in place of " $1,600.16, which with five per cent overhead and ten per cent profit amounts to $1,848.18," and adopts said findings as modified.

The court modifies the Conclusions of Law of said decision as follows:

" I.   That the claimant Seglin-Harrison Construction Co. Inc., is entitled to recover herein against the State of New York, as follows:

| | |
|---|---|
| Finding 69 | $30 46 |
| Finding 70 | 9,631 94 |
| Finding 72 | 416 82 |
| Finding 73 | 250 10 |
| Finding 74 | 500 00 |
| Finding 75 | 2,500 00 |
| Finding 77 | 1,329 87 |
| Finding 78 | 731 44 |
| | $15,390 63 |

together with interest from February 25, 1931.

" II.   That the claimant Seglin-Harrison Construction Co. Inc. is entitled to recover herein against the State of New York the sum of $15,359.38, including overhead and profit, together with interest from February 25, 1931, for and on account of Findings of Fact 79 and 80, which sum this Court finds to be a legal liability of the said claimant to its subcontractor, Hachmeister-Lind Company, which shall have a lien impressed upon the judgment to be entered upon this decision in said amount as required by the Laws of 1932, Chapter 353."